UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ISSAC O'BEAR AND STEPHANI O'BEAR | CIVIL ACTION |
| VERSUS | NO: 12-0019 |
| GLOBAL INDUSTRIAL CONTRACTORS, LLC, THE DOW CHEMICAL COMPANY, ABC INSURANCE COMPANY, AND 123 INSURANCE COMPANY | JUDGE: LEMMON<br>MAGISTRATE: ROBY |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that Global Industrial Contractors, LLC's Motion to Dismiss (Doc. # 9) is **GRANTED,** and plaintiffs' claims against Global Industrial Contractors, LLC are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Dow Chemical Company's Motion for Judgment on the Pleadings (Doc. #10) is **GRANTED**. Plaintiffs' claims against Dow Chemical Company pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and Louisiana Employment Discrimination Law, Louisiana Revised Statutes § 23:301, et seq., are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs' claims against Dow Chemical Company for negligent infliction of emotional distress and loss of consortium are **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

Plaintiff, Issac O'Bear, and his wife Stephani filed this suit under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.; Louisiana Employment Discrimination Law

("LEDL"), Louisiana Revised Statutes § 23:301, et seq.; and Louisiana Civil Code Article 2315, alleging that defendants, Global Industrial Contractors, LLC ("Global") and Dow Chemical Company ("DOW"), wrongfully terminated Issac O'Bear because he is dyslexic and mildly retarded.

Global furnishes labor, supervision, and equipment to DOW's manufacturing plant in Plaquemine, Louisiana, and assigned O'Bear to work as a laborer at that plant. In August 2010, O'Bear failed an Occupational Safety and Health Administration ("OHSA") examination. DOW notified Joe Welch, Global's Site Superintendent, that O'Bear failed the OSHA exam and that he could no longer remain at the facility. Global terminated O'Bear on August 30, 2010.

On February 24, 2011, O'Bear filed discrimination charges with the Equal Employment Opportunity Commission ("EEOC") and Louisiana Commission on Human Rights against Global and DOW. In his EEOC charge, O'Bear stated that he was disabled because he could not read or write. On August 30, 2011, plaintiffs filed this suit in the Eighteenth Judicial District Court, Parish of West Baton Rouge, State of Louisiana, alleging claims of negligent infliction of emotional distress, loss of consortium, and violations of the ADA and LEDL. On January 11, 2012, defendants removed this suit to the United States District Court for the Middle District of Louisiana alleging federal question subject matter jurisdiction under 28 U.S.C. § 1331.

On February 8, 2012, Global filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that: (1) O'Bear does not have a claim arising under the ADA or LEDL because illiteracy is not a disability; (2) Louisiana Civil Code article 2315 does not provide a cause of action for employment discrimination; and, (3) Stephani O'Bear's loss of consortium claim fails because it is a derivative claim, and O'Bear has no claim.

On February 28, 2012, DOW filed a motion to dismiss raising similar arguments. Because DOW filed an answer prior to filing its motion to dismiss, the motion is considered a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.

On March 28, 2012, plaintiffs filed an amended and supplemental complaint in which they: (1) abandoned their negligent infliction of emotion distress and loss of consortium claims against Global; (2) alleged that O'Bear's disability is dyslexia and mild retardation, rather than illiteracy; and, (3) alleged that Global and DOW have always regarded O'Bear as dyslexic and mildly retarded.

## ANALYSIS

### A. Legal Standard

"The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." Guidry v. Am. Pub. Life Ins. Co., 512 F.3d 177, 180 (5th Cir. 2007) (citing In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litigation, 495 F.3d at 205 (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them

3

in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50.

In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Id. at 498-99 (internal citations omitted).

**B. ADA and LEDL Claims**

Plaintiffs allege that O'Bear's termination violates the ADA and LEDL. "The ADA is a federal anti-discrimination statute designed to remove barriers which prevent qualified individuals with disabilities from enjoying the same employment opportunities that are available to persons without disabilities." Taylor v. Principal Fin. Group, Inc., 93 F.3d 155, 161 (5th Cir. 1996). Pursuant to the ADA, "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Louisiana's version of the ADA, LEDL, provides that an employer cannot "[d]ischarge or otherwise discriminate against an otherwise qualified disabled person with respect to compensation or the terms, conditions, or privileges of employment on the basis of a disability when it is unrelated to the individual's ability

to perform the duties of a particular job or position." LA. REV. STAT. § 23:323(B)(2). Both the ADA and LEDL employ similar language, and the United States Court of Appeals for the Fifth Circuit has stated that when interpreting Louisiana's anti-discrimination laws, it looks to federal employment discrimination jurisprudence. Baker v. Fedex Ground Package Sys., 278 Fed. Appx. 322, 328 (5th Cir. 2008).

### 1. Failure to Exhaust Administrative Remedies Regarding O'Bear's Claim That He Is Dyslexic and Mildly Retarded

The ADA incorporates by reference the procedures applicable to Title VII, 42 U.S.C. § 2000e, et seq., for making a claim for discrimination on the basis of disability. 42 U.S.C. § 12117(a). Title VII provides that, before a plaintiff can bring a civil action in federal court for discrimination, he must first timely file a charge with the EEOC, or the appropriate state or local agency. Id. at § 2000e-5(e)(1). Therefore, an employee must comply with the ADA's administrative prerequisites prior to commencing an action in federal court against his employer for violation of the ADA. Dao v. Auchan Hypermarket, 96 F.3d 787, 789 (5th Cir. 1996).

O'Bear alleged in his EEOC charge and original complaint that illiteracy is his disability. However, in his amended and supplemental complaint, O'Bear abandoned his original allegation regarding illiteracy, and alleged he is dyslexic and mildly retarded. O'Bear also alleged that Global and DOW regarded him as dyslexic and mildly retarded. O'Bear's original EEOC charge does not mention dyslexia or retardation, and he did not amend his EEOC charge to include such claims. Thus, any ADA claim based on dyslexia and retardation is beyond the scope of O'Bear's EEOC charge and this court will not read the charge to imply such a claim. Nat'l Ass'n of Gov't Employees

v. City Pub. Serv. Bd., 40 F.3d 698, 712 (5th Cir. 1994) ("The suit filed may encompass only 'the discrimination stated in the [EEOC] charge itself or developed in the course of a reasonable [EEOC] investigation of that charge'") (internal citation omitted). O'Bear failed to exhaust administrative remedies with respect to any disability claim based on dyslexia and retardation. Therefore, O'Bear's ADA and LEDL claims against Global and DOW are DISMISSED WITHOUT PREJUDICE.

**C. Plaintiffs' Negligent Infliction of Emotional Distress Claim Against DOW**

Plaintiffs allege a negligent infliction of emotional distress claim against DOW under Louisiana Civil Code article 2315, due to the anxiety, stress, and trauma resulting from O'Bear's termination. Generally, a defendant cannot be he held liable for negligently inflicting emotional distress when his conduct is merely negligent, and the alleged emotional injury is unaccompanied by physical injury. Moresi v. State of La., through the Dept. of Wildlife and Fisheries, 567 So. 2d 1081, 1096 (La. 1990). However, there are exceptions to this general rule. "In order to recover mental distress damages resulting from the defendant's negligent conduct where no physical injury was suffered by the victim, the victim must show an 'especial likelihood of genuine and serious mental distress' resulting from the conduct directed at the victim." 12 William E. Crawford, LOUISIANA CIVIL LAW TREATISE: TORT LAW § 28:3 (2d. ed. 2009) (quoting Moresi, 567 So. 2d at 1096). Here, plaintiffs have not suffered physical injury and they have not alleged an "especial" likelihood of genuine and serious mental distress that results from O'Bear's termination. All plaintiffs allege with respect to this claim is that DOW breached a duty owed to O'Bear, and that Stephani O'Bear suffered damages due to DOW's negligent infliction of emotional distress. Such allegations are insufficient to support a claim for negligent infliction of emotional distress where

6

there is no physical injury. Further, Louisiana Civil Code article 2315 cannot serve as the basis for a cause of action that is derived from employment discrimination. McCoy v. City of Shreveport, 492 F.3d 551, 563 n.34 (5th Cir. 2007 ) ("To the extent that McCoy argues that her tort claim was not limited to intentional infliction of emotional distress, Louisiana Civil Code article 2315 does not protect against employment discrimination, which is the basis of McCoy's complaint"); Loftice v. Mobil Oil Exploration and Producing U.S., Inc., 1999 WL 744049, *4 (E.D. La. 1999) ( "Article 2315 has never and does not now provide a cause of action for employment discrimination"); Roper v. Exxon Corp., 27 F. Supp. 2d 679, 684 (E.D. La. 1998) (Holding that even if the plaintiff could have established his allegation of employment discrimination, he could not recover under Louisiana Civil Code article 2315). Therefore, DOW's motion to dismiss with respect to plaintiffs' negligent infliction of emotional distress claim is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

**D. Loss of Consortium Against DOW**

Stephani O'Bear alleges that she is entitled to damages for loss of consortium from DOW. Louisiana law allows for loss of consortium damages for the spouse of a tort victim. See Ferrell v. Fireman's Fund Inc. Co., 696 So.2d 569, 573 (La. 1997). "[L]oss of consortium claims are not cognizable in employment discrimination cases." Barker v. Halliburton Co., 645 F.3d 297, 300 (5th Cir. 2011) (quoting Alderman v. Great Atl. & Pac. Tea Co., 332 F. Supp. 2d 932, 937 (E.D. La. 2004)). Because Stephani O'Bear's loss of consortium claim is based on and brought in conjunction with employment discrimination claims, she has no viable claim. Therefore, Dow's

motion to dismiss with respect to Stephani O'Bear's loss of consortium claim is GRANTED, and her claim is DISMISSED WITH PREJUDICE.

## CONCLUSION

**IT IS HEREBY ORDERED** that Global Industrial Contractors, LLC's Motion to Dismiss (Doc. # 9) is **GRANTED,** and plaintiffs' claims against Global Industrial Contractors, LLC are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Dow Chemical Company's Motion for Judgment on the Pleadings (Doc. #10) is **GRANTED**. Plaintiffs' claims against Dow Chemical Company pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and Louisiana Employment Discrimination Law, Louisiana Revised Statutes § 23:301, et seq., are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs' claims against Dow Chemical Company for negligent infliction of emotional distress and loss of consortium are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this __16th__ day of May, 2012.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**